UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Jeffrey Thomas McHenry and
Cheryl McHenry,

    Debtors.
_____/

Case No.: 19-40532
Chapter 13
Hon. Mark A. Randon

Jeffrey Thomas McHenry and
Cheryl McHenry,

    Plaintiffs,

v.

Macomb County Treasurer,
PNC Bank, N.A., and
Select Portfolio Servicing Inc.,

    Defendants.
_____/

Adversary Proceeding
Case No.: 19-04046

### OPINION AND ORDER: (1) GRANTING THE MACOMB COUNTY TREASURER'S MOTION TO DISMISS; (2) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND (3) DISMISSING PLAINTIFFS' ADVERSARY PROCEEDING

**I.    INTRODUCTION AND BACKGROUND**

This adversary proceeding seeks a determination of the priority between real estate tax liens and a prior-recorded mortgage.

PNC Bank holds the mortgage on Jeffrey and Cheryl McHenry's ("Debtors") home in Macomb County, Michigan. Jeffrey purchased the house in 2004 and later quitclaim deeded it to himself and his wife. On January 15, 2019, after falling behind on

their mortgage payments and real estate taxes, Debtors filed Chapter 13 bankruptcy. The Macomb County Treasurer has filed a $7,009.98 proof of claim for the 2016 and 2017 real estate taxes. Debtors also owe real estate taxes for 2018, but the Treasurer has yet to amend its proof of claim.

Debtors concede that the 2016 and 2017 tax liens, and the water and sewerage portion of the 2018 tax lien, have priority over PNC's mortgage. Consequently, the Court determines only the priority between the remaining portion of the 2018 tax lien and the mortgage. For the reasons indicated below, the 2018 real estate tax lien has priority. As such, the Court **GRANTS** the Treasurer's motion to dismiss, **DENIES** Plaintiffs' motion for summary judgment, and **DISMISSES** Plaintiffs' adversary proceeding.

## II. ANALYSIS

State law determines property rights in bankruptcy. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Michigan's general priority recording rule is "first in time, first in right." *Cheboygan Cnty. Constr. Code Dep't v. Burke*, 148 Mich. App. 56, 59 (1985). "In other words, a security interest filed first prevails over a security interest filed second (or, third, or fourth, etc)." *Hanson v. Cent. Sav. Bank*, No. 272708, 2007 WL 914663, at *3 (Mich. App. March 27, 2007). Under the general rule, PNC's mortgage would take priority over the real estate tax liens.

However, there are exceptions to the general rule as noted in *In re Receivership of 11910 S. Francis Rd. (Price v. Kosmalski)*, 492 Mich. 208, 224 n.38 (2012):

> Michigan is a recording-priority jurisdiction and, thus, a recorded mortgage lien is held superior to any lien subsequently recorded. The rule, generally referred to as "first in time, first in right," is subject to several statutory exceptions that grant certain liens first priority no matter their time of creation. See MCL 324.20138(2) (environmental remediation costs), MCL 211.40 (real estate taxes), and MCL 570.1119(3) (construction liens). However, there is no statutory exception for receivership expenses.

Because the Michigan Supreme Court did not address the precise issue before this Court, Plaintiffs argue that the footnote is merely "obiter dictum," which was "unnecessary to the decision before the court and therefore not precedential." *Metro. Hosp. v. United States HHS*, 712 F.3d 248, 274 (6th Cir. 2013) (McKeague, J., dissenting). The Court disagrees. The *Price* case involved a similar situation in which the court determined the priority of competing liens. In addition, "[d]icta[] . . . may be followed if sufficiently persuasive [even though] not controlling[.]" *Humphrey's Ex'r v. United States*, 295 U.S. 602, 627 (1935). The footnote is unambiguous: under Michigan law, one of the exceptions to the general rule is that real estate tax liens take priority whenever created. "A federal court must accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The Court finds the footnote persuasive and accepts it as the law it must follow. *See also Watervliet Paper Co., Inc. v. City of Watervliet (In re Shoreham Paper Co.)*, 117 B.R. 274, 281 (Bankr. W.D. Mich. 1990) ("regardless of when it arises, the unpaid real property tax lien must be paid ahead of all other earlier recorded liens").

Debtors rely on *Lucking v. Ballantyne*, 132 Mich. 584 (1903); *Dunitz v. Albert Pick & Co.*, 241 Mich. 55 (1927); and *Detroit Trust Co. v. City of Detroit*, 269 Mich. 81

(1934) to support their argument that the real estate tax lien does not take priority. The Court rejects this argument as those cases involve the payment of personal property taxes–not real estate taxes.

Finally, Debtors' argument that allowing the 2018 real estate tax lien to take priority over the mortgage would violate the automatic stay is of no moment. Under 11 U.S.C. § 362(a)(4), the automatic stay prohibits any act to create, perfect, or enforce a lien. Debtors admit that the 2018 real estate tax lien attached on July 1, 2018, before Debtors filed bankruptcy. MICH. COMP. LAWS § 211.40. Real property tax liens arise and are perfected on the same day. *In re Shoreham Paper Co.*, 117 B.R. at 281. And the Treasurer has not taken any action to foreclose on (enforce) its lien. The automatic stay is not violated.

### III. CONCLUSION

For the above-stated reasons, the Court **GRANTS** the Treasurer's motion to dismiss; **DENIES** Plaintiffs' motion for summary judgment; and **DISMISSES** Plaintiffs' adversary proceeding.

**IT IS ORDERED**.

**Signed on May 21, 2019**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge